JAN LAWRENCE HANDZLIK (CA State Bar No. 047959)
Jan Lawrence Handzlik, APC
515 South Flower Street, 18th Floor
Los Angeles, CA 90071-2231
Tel:   213-236-3519
Fax:   213-236-3501
jan@handzliklaw.com

Attorneys for Defendants Keith Berman,
Decision Diagnostics Corp. and PharmaTech
Solutions, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

-----------------------------------------------------------X

| | |
|---|---|
| LICGO PARTNERS, LLC, SOVEREIGN PARTNERS, LLC, and PARADIGM CAPITAL HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>KEITH BERMAN, DECISION DIAGNOSTICS CORP. and PHARMATECH SOLUTIONS, INC.,<br><br>Defendants. | Case No. 2:21-cv-02390-MWF-SK<br><br>ANSWER OF DEFENDANTS KEITH BERMAN, DECISION DIAGNOSTICS CORP. AND PHARMATECH SOLUTIONS, INC. TO FIRST AMENDED COMPLAINT |

-----------------------------------------------------------X

Defendants Keith Berman, Decision Diagnostics Corp. ("DECN") and PharmaTech Solutions, Inc. ("PharmaTech"), subject to and expressly without waiving any right or protection under the Constitutions and statutes of the United States and the State of California, hereby respond to plaintiffs' First Amended Complaint, filed on March 22, 2021 (the "Complaint"), as follows:

**FACTS COMMON TO ALL COUNTS**

**NATURE OF THE CASE**

1.    Defendants deny the allegations contained in paragraph 1 of the Complaint.

ANSWER TO FIRST AMENDED COMPLAINT - 1

# THE PARTIES

### A.  Plaintiff LICGO

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

### B.  Plaintiff Sovereign

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

### C.  Plaintiff Paradigm

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

### D.  Defendant Berman

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

### E.  Defendant DECN

9. Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

### F.  Defendant PharmaTech

12. Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. Defendants admit the allegations contained in paragraph 13 of the Complaint.

14. Defendants admit the allegations contained in paragraph 14 of the Complaint.

15. Defendants admit the allegations contained in paragraph 15 of the Complaint.

## JURISDICTION AND VENUE

16. Defendants deny the allegations contained in paragraph 16 of the Complaint; except admit that Plaintiffs purport to invoke the statute referred to, in seeking to confer subject matter jurisdiction.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint; except admit that Plaintiffs purport to invoke the statute referred to, in seeking to confer subject matter jurisdiction.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint; except admit that Plaintiffs purport to invoke the statute referred to, in seeking to confer venue for this action in this court.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint; except admit that Plaintiffs purport to invoke the statute referred to, in seeking to invoke supplemental jurisdiction over their purported State law claims.

## DEFENDANTS PERPETRATED A FRAUD UPON PLAINTIFFS

**A.** **Plaintiffs Were Fraudulently Induced to Invest and Purchase Securities in DECN**

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants admit the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

ANSWER TO FIRST AMENDED COMPLAINT - 3

### i. LICGO Subscription Agreement

26. Defendants admit the allegations contained in paragraph 26 of the Complaint.

27. Defendants admit the allegations contained in paragraph 27 of the Complaint.

28. Defendants neither admit nor deny the allegations contained in paragraph 28 of the Complaint and respectfully refer the court to the LICGO Subscription Agreement for its terms and conditions.

29. Defendants neither admit nor deny the allegations contained in paragraph 29 of the Complaint and respectfully refer the court to the LICGO Subscription Agreement for its terms and conditions.

30. Defendants neither admit nor deny the allegations contained in paragraph 30 of the Complaint and respectfully refer the court to the LICGO Subscription Agreement for its terms and conditions.

### ii. Sovereign Subscription Agreement

#### a. The First Sovereign Subscription Agreement

31. Defendants neither admit nor deny the allegations contained in paragraph 31 of the Complaint and respectfully refer the court to the First Sovereign Subscription Agreement for its terms and conditions.

32. Defendants neither admit nor deny the allegations contained in paragraph 32 of the Complaint and respectfully refer the court to the First Sovereign Subscription Agreement for its terms and conditions.

33. Defendants neither admit nor deny the allegations contained in paragraph 33 of the Complaint and respectfully refer the court to the First Sovereign Subscription Agreement for its terms and conditions.

ANSWER TO FIRST AMENDED COMPLAINT - 4

34. Defendants neither admit nor deny the allegations contained in paragraph 34 of the Complaint and respectfully refer the court to the First Sovereign Subscription Agreement for its terms and conditions.

35. Defendants neither admit nor deny the allegations contained in paragraph 35 of the Complaint and respectfully refer the court to the First Sovereign Subscription Agreement for its terms and conditions.

36. Defendants neither admit nor deny the allegations contained in paragraph 36 of the Complaint and respectfully refer the court to the First Sovereign Subscription Agreement for its terms and conditions.

### b.     The Second Sovereign Subscription Agreement

37. Defendants admit the allegations contained in paragraph 37 of the Complaint.

38. Defendants neither admit nor deny the allegations contained in paragraph 38 of the Complaint and respectfully refer the court to the Second Subscription Agreement for its terms and conditions.

39. Defendants neither admit nor deny the allegations contained in paragraph 39 of the Complaint and respectfully refer the court to the Second Subscription Agreement for its terms and conditions.

40. Defendants neither admit nor deny the allegations contained in paragraph 40 of the Complaint and respectfully refer the court to the Second Subscription Agreement for its terms and conditions.

41. Defendants neither admit nor deny the allegations contained in paragraph 41 of the Complaint and respectfully refer the court to the Second Subscription Agreement for its terms and conditions.

42.     Defendants neither admit nor deny the allegations contained in paragraph 42 of the Complaint and respectfully refer the court to the Second Subscription Agreement for its terms and conditions.

### iii.     Paradigm's Independent Contractor Agreement

43.     Defendants admit the allegations contained in paragraph 43 of the Complaint.

44.     Defendants neither admit nor deny the allegations contained in paragraph 44 of the Complaint and respectfully refer the court to the Paradigm Independent Contractor Agreement for its terms and conditions.

45.     Defendants neither admit nor deny the allegations contained in paragraph 45 of the Complaint and respectfully refer the court to the Paradigm Independent Contractor Agreement for its terms and conditions.

### B.     Defendants' Fraudulent Efforts to Capitalize on the Covid-19 Pandemic

46.     Defendants admit the allegations contained in paragraph 46 of the Complaint.

47.     Defendants admit the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     Defendants neither admit nor deny the allegations contained in paragraph 54 of the Complaint and respectfully refer the court to DECN's March 16, 2020 press release for its terms.

55.     Defendants deny the allegations contained in paragraph 55 of the Complaint.

ANSWER TO FIRST AMENDED COMPLAINT - 6

56. Defendants neither admit nor deny the allegations contained in paragraph 56 of the Complaint and respectfully refer the court to DECN's March 20, 2020 press release for its terms.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants neither admit nor deny the allegations contained in paragraph 58 of the Complaint and respectfully refer the court to DECN's April 23, 2020 press release for its terms.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint, except admit that DECN was unable to reach an agreement with Major League Baseball.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint, except admit that on or about December 17, 2020, the U.S. Securities and Exchange Commission and U.S. Department of Justice brought actions against Berman and DECN and Berman, respectively.

63. Defendants deny so much of paragraph 63 of the Complaint that alleges that Defendants engaged in any wrongful, fraudulent or unlawful conduct and deny knowledge or information concerning Plaintiffs' knowledge of Defendants' alleged wrongful conduct.

**C.  DECN and Berman's Unlawful Refusal to Permit Plaintiffs to Exercise their Conversion Rights**

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny so much of paragraph 68 of the Complaint that alleges any wrongful conduct by Defendants and respectfully refer the court to the LICGO Subscription Agreement for its terms and conditions.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

ANSWER TO FIRST AMENDED COMPLAINT - 7

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

## FIRST COUNT

### (Breach of Contract)

72. As and for their response to paragraph 72 of the Complaint, Defendants repeat and reallege their responses to the paragraphs referred to therein with the same force and effect as though fully set forth herein.

73. Defendants neither admit nor deny the allegations contained in paragraph 73 of the Complaint and respectfully refer the court to the Agreements referred to therein for their terms and conditions.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

## SECOND COUNT

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

77. As and for their response to paragraph 77 of the Complaint, Defendants repeat and reallege their responses to the paragraphs referred to therein with the same force and effect as though fully set forth herein.

78. Defendants submit no response to the legal conclusion contained in paragraph 78 of the Complaint. To the extent this paragraph is intended to assert the Defendants' breach of the covenant of good faith and fair dealing, this allegation is denied.

79. Defendants submit no response to the legal conclusion contained in paragraph 79 of the Complaint. To the extent this paragraph is intended to assert the Defendants' breach of the covenant of good faith and fair dealing, this allegation is denied.

ANSWER TO FIRST AMENDED COMPLAINT - 8

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

## THIRD COUNT

### (Common Law Fraud)

82. As and for their response to paragraph 82 of the Complaint, Defendants repeat and reallege their responses to the paragraphs referred to therein with the same force and effect as though fully set forth herein.

83. Defendants deny the allegations contained in paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in paragraph 86 of the Complaint.

## FOURTH COUNT

### (Breach of Fiduciary Duty)

87. As and for their response to paragraph 87 of the Complaint, Defendants repeat and reallege their responses to the paragraphs referred to therein with the same force and effect as though fully set forth herein.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in paragraph 90 of the Complaint.

## FIFTH COUNT

### (Trover and Conversion)

91. As and for their response to paragraph 91 of the Complaint, Defendants repeat and reallege their responses to the paragraphs referred to therein with the same force and effect as though fully set forth herein.

ANSWER TO FIRST AMENDED COMPLAINT - 9

92. Defendants deny the allegations contained in paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in paragraph 93 of the Complaint.

## SIXTH COUNT

### (Unjust Enrichment)

94. As and for their response to paragraph 94 of the Complaint, Defendants repeat and reallege their responses to the paragraphs referred to therein with the same force and effect as though fully set forth herein.

95. Defendants deny the allegations contained in paragraph 95 of the Complaint.

## SEVENTH COUNT

### (Conspiracy and Aiding and Abetting)

96. As and for their response to paragraph 96 of the Complaint, Defendants repeat and reallege their responses to the paragraphs referred to therein with the same force and effect as though fully set forth herein.

97. Defendants deny the allegations contained in paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in paragraph 99 of the Complaint.

## EIGHTH COUNT

### (Piercing the Corporate Veil)

100. As and for their response to paragraph 100 of the Complaint, Defendants repeat and reallege their responses to the paragraphs referred to therein with the same force and effect as though fully set forth herein.

101. Defendants deny the allegations contained in paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in paragraph 103 of the Complaint.

104. Defendants deny the allegations contained in paragraph 104 of the Complaint.

105. Defendants admit the allegations contained in paragraph 105 of the Complaint.

106. Defendants deny the allegations contained in paragraph 106 of the Complaint.

107. Defendants deny the allegations contained in paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in paragraph 108 of the Complaint.

## NINTH COUNT

**(Violations of Sections 10(b) of the Securities and Exchange Act of 1934, and Rule 10b-5 thereunder)**

109. As and for their response to paragraph 109 of the Complaint, Defendants repeat and reallege their responses to the paragraphs referred to therein with the same force and effect as though fully set forth herein.

110. Defendants deny the allegations contained in paragraph 110 of the Complaint.

111. Defendants deny the allegations contained in paragraph 111 of the Complaint.

112. Defendants deny the allegations contained in paragraph 112 of the Complaint.

## TENTH COUNT

**(Violations of California Corp. Code §25401)**

113. As and for their response to paragraph 113 of the Complaint, Defendants repeat and reallege their responses to the paragraphs referred to therein with the same force and effect as though fully set forth herein.

114. Defendants admit the allegations contained in paragraph 114 of the Complaint.

115. Defendants admit the allegations contained in paragraph 115 of the Complaint.

116. Defendants submit no response to the legal conclusion contained in paragraph 116 of the Complaint. To the extent this paragraph is intended to assert the Defendants violated California Corp. Code §25401, this allegation is denied.

ANSWER TO FIRST AMENDED COMPLAINT - 11

117. Defendants submit no response to the legal conclusion contained in paragraph 117 of the Complaint. To the extent this paragraph is intended to assert the Defendants violated California Corp. Code §25401, this allegation is denied.

118. Defendants submit no response to the legal conclusion contained in paragraph 118 of the Complaint.

119. Defendants deny the allegations contained in paragraph 119 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

120. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

121. Plaintiffs' claims are barred, in whole or in part, by their unclean hands.

### THIRD AFFIRMATIVE DEFENSE

122. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

123. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

124. Defendants DECN and PharmaTech are separate and distinct corporate entities and there is no basis for piercing the corporate veil of either entity.

### SIXTH AFFIRMATIVE DEFENSE

125. Plaintiffs' claims are barred by their accord and satisfaction with the corporate defendants.

### SEVENTH AFFIRMATIVE DEFENSE

126. None of the Plaintiffs was in a fiduciary relationship with any of the Defendants.

ANSWER TO FIRST AMENDED COMPLAINT - 12

## EIGHTH AFFIRMATIVE DEFENSE

127. Plaintiffs' claims are barred, in whole or in part, by their failure to comply with the terms and conditions of their purported agreements with DECN.

## NINTH AFFIRMATIVE DEFENSE

128. One or more of the Plaintiffs improperly attempted to transfer their DECN shares which by their terms were non-transferrable.

## TENTH AFFIRMATIVE DEFENSE

129. Defendant Keith Berman is not personally liable for any purported debt or obligation of DECN or PharmaTech to the Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

130. Plaintiffs did not rely on any information contained in any press releases issued by DECN in 2020 and have included references to certain releases solely for prejudicial purposes.

## TWELFTH AFFIRMATIVE DEFENSE

131. Plaintiffs do not have and have never presented the fully executed documentation required to convert their shares.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Keith Berman, Decision Diagnostics Corp. and PharmaTech Solutions, Inc. pray that Plaintiffs' First Amended Complaint be dismissed in its entirety with prejudice, that judgment be entered in favor of Defendants for all costs and fees as appropriate, and

///

///

///

///

///

ANSWER TO FIRST AMENDED COMPLAINT - 13

1 that Defendants be granted such other and further relief as the Court deems just and proper.

2 Dated: June 28, 2021                                JAN LAWRENCE HANDZLIK, APC

By: _____/s/_____
JAN L. HANDZLIK
Attorney for Defendants Keith Berman,
Decision Diagnostics Corp. and
PharmaTech Solutions, Inc.

ANSWER TO FIRST AMENDED COMPLAINT - 14