**WILENTZ, GOLDMAN & SPITZER, P.A.**
KEVIN P. RODDY (SBN 128283)
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, NJ 07095
Telephone: (732) 636-8000
Facsimile: (732) 726-6686
kroddy@wilentz.com
**Attorneys for Plaintiffs**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

---

| | |
|---|---|
| LICGO PARTNERS, LLC, SOVEREIGN PARTNERS, LLC, and PARADIGM CAPITAL HOLDINGS, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>KEITH BERMAN, DECISION DIAGNOSTICS CORP. and PHARMATECH SOLUTIONS, INC.,<br><br>    Defendants. | Case No. 2:21-cv-02390 (MWF)(SK)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference to occur:<br><br>**August 2, 2021**<br><br>11:00 a.m.<br><br>Courtroom 5A |

The Parties submit this Joint Rule 26(f) Report, which is being filed and submitted in accordance with the Court's Order dated June 29, 2021 (Docket Entry 28), Rule 26(f) and Local Rule 26:

    a.    <u>Statement of the Case</u>: As alleged by Plaintiffs LICGO Partners, LLC ("LICGO"), Sovereign Partners, LLC ("Sovereign") and Paradigm Capital Holdings, LLC ("Paradigm") (collectively, "Plaintiffs"), this case involves Defendants Keith Berman's ("Mr. Berman"), Decision Diagnostics Corp.'s ("DECN") and PharmaTech Solutions, Inc.'s ("PharmaTech") (collectively, "Defendants") fraudulent and unlawful conduct inducing Plaintiffs to invest, and

to purchase securities, in DECN, by and through various agreements, only to, thereafter, wrongfully deprive Plaintiffs from exercising their rights and realizing gains from their investments.  After procuring substantial investments from Plaintiffs, Defendants abjectly and wrongfully refused to permit Plaintiffs to convert preferred shares of DECN into common stock, as DECN previously agreed and was obligated to do, pursuant to the express written terms of the agreements.  Rather, Berman misappropriated Plaintiffs' investment funds for his own personal use and benefit, causing DECN to become financially distressed.  To remedy this dire situation, Defendants sought to capitalize upon the COVD-19 pandemic by misrepresenting DECN's marketing and distribution of a COVID-19 screening test that never was developed and did not exist.  After Defendants' fraud was uncovered, DECN's common stock was rendered worthless, as was Plaintiffs' investment in DECN.  This suit follows, in which Plaintiffs have asserted the following causes of action: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) common law fraud; (4) breach of fiduciary duty; (5) trover and conversion; (6) unjust enrichment; (7) conspiracy and aiding and abetting; (8) piercing the corporate veil; (9) violations of Sections 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder; and (10) violations of California Corp. Code § 25401.

It is Defendants' position that Plaintiffs consistently failed to provide the required documents needed in order to be able to convert their preferred shares into shares of common stock.  The documents needed to effectuate a conversion were specified by the Securities and Exchange Commission and the company's registered transfer agent. In some cases Plaintiffs never provided the required original subscription documents despite repeated requests. yet nonetheless demanded conversions from Preferred Stock to common stock.  Defendants further

maintain that Plaintiffs improperly transferred certain of their non-transferable preferred shares to various third persons, who then were able to sell them.

Defendants also maintain that Plaintiffs' claims are barred by the doctrine of unclean hands, including various threats directed against Berman and DECN.

b. <u>Subject Matter Jurisdiction</u>: Subject matter jurisdiction is not contested. Plaintiffs have alleged a federal question concerning Defendants' alleged violations of Sections 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder, thereby conferring jurisdiction under 28 U.S.C. § 1331. Additionally, subject matter jurisdiction is not contested pursuant to 28 U.S.C. § 1332, as Plaintiffs have alleged the existence of diversity jurisdiction in which the amount in controversy exceeds $75,000.00 and the Plaintiffs and the Defendants to this matter are citizens of different states.

c. <u>Legal Issues</u>: Defendant Berman is presently the defendant in the pending criminal matter of the <u>United States v. Keith Berman (Decision Diagnostics, Inc.)</u>, Court Docket No.: 1:20-cr-278 (District of Columbia) (the "Berman Criminal Matter"). <u>See</u> https://www.justice.gov/criminal-vns/case/decision-diagnostics. As a result, Defendants' counsel has advised of Mr. Berman's intention to invoke his Fifth Amendment privileges during discovery in this matter while the Berman Criminal Matter is pending. Furthermore, Defendants have advised that with the consent of Berman and DECN the Department of Justice ("DOJ") sought and received a stay of the contemporaneously pending Securities Exchange Commission matter <u>Securities and Exchange Commission v. Keith Berman and Decision Diagnostics Corp.</u>, Court Docket No. 1:20-cr-10658 (Southern District of New York) (the "Berman SEC Matter").

3

Case No. 2:21-cv-02390 (MWF)(SK)

The parties are not presently aware of whether the DOJ will similarly seek a stay of the within matter.

All the written agreements which form the basis of this action were entered into by DECN, a Nevada corporation. The Defendants will contest Plaintiffs' stated efforts to impose liability on PharmaTech Solutions, Inc. or Berman under alter ego or piercing theories.

d.  Parties, Evidence, etc.:

The parties to this action are as follows: plaintiff LICGO Partners, LLC, plaintiff Sovereign Partners, LLC, plaintiff Paradigm Capital Holdings, LLC, defendant Keith Berman, defendant Decision Diagnostics Corp. and defendant PharmaTech Solutions, Inc. Plaintiffs LICGO, Sovereign and Paradigm do not have any subsidiaries, parents or affiliates.

At present, known potential witnesses to this matter include Alan Goodard and Michael Lichtenstein, who are members of Plaintiffs, respectively, and Berman. Additionally, Plaintiffs believe that Justeen Blankenship, Edward Feighan, Howard Koslow, Eugene Lerner and Robert Jagunich are individuals with factual information relevant to Plaintiffs' claims and may be potential witnesses at the time of trial. Defendants presently believe that Shep Doniger, Benjamin Mayer, Gerald Hickson, Chris Rinn and Eric Blum in addition to certain of the individuals identified by Plaintiffs may have factual information relevant to their defenses and may be potential witnesses at trial.

At present, key documents include LICGO's May 2016 subscription agreement with DECN, Sovereign's August 2017 and October 2017 subscription agreements with DECN and Paradigm's July 2017 independent contractor agreement with DECN, as well as Plaintiffs e-mails

to Defendants, Berman, in particular, in which Plaintiffs efforts to exercise their conversion rights pursuant to the various agreements were refused by Berman.

      e.      <u>Damages</u>:  As alleged, DECN, by and through Berman, wrongfully rejected Plaintiffs right to exercise their conversion rights in the various DECN securities they owned while and at a time when Plaintiffs would have realized tens of millions of dollars in profits upon the conversion and sale of the shares.  This calculation is based upon the number of DECN shares Plaintiffs alleges it should have been entitled to convert as multiplied by the price of DECN shares at the time of conversion.

      f.      <u>Insurance</u>:  Defendants have advised that there is no insurance coverage for this litigation.

      g.      <u>Motions</u>:  At this time, the Parties are unaware of any potential motions seeking to add other parties or claims, or file amended pleadings; however, this position may change once discovery has been exchanged.  As a result, the Parties respectfully request that the last day for the Court to hear a Motion to Amend should be December 17, 2021.

      h.      <u>Manual for Complex Litigation</u>:  The Parties do not believe the procedures of the Manual for Complex Litigation should be utilized.

      i.      <u>Status of Discovery</u>:  On June 28, 2021, Defendants propounded a First Request for Production of Documents upon Plaintiffs.  The Parties have agreed that initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be completed no later than by July 27, 2021.  The Parties have further agreed that: (a) written discovery shall be propounded no later than by August 16, 2021, (b) responses to written discovery shall be provided by no later than September 30, 2021; and (c) fact discovery shall conclude by February 18, 2022.

j. <u>Discovery Plan</u>:

(i) The Parties do not believe any changes in the disclosures under Rule 26(a) should be made. As set forth above, the Parties are prepared to exchange Rule 26(a) disclosures on or before July 27, 2021.

(ii) The Parties believe that discovery should be conducted concerning the following, among other, areas: (a) representations made by Berman and DECN to Plaintiffs prior to and after Plaintiffs entry into investment agreements with DECN; (b) Defendants' use of Plaintiffs' investment funds; (c) Defendants' efforts to finance, produce, market and/or distribute a COVID-19 screening test; (d) Berman and DECN's conversion of other DECN securities; (e) Berman and DECN's refusal to permit Plaintiffs to convert DECN securities; (f) Plaintiffs' improper transfer of non-transferable DECN shares; and (g) whether PharmaTech or Berman can be held responsible for any potential liability of DECN.

As set forth above, and as set forth on the attached "Schedule of Pretrial and Trial Dates Worksheet", the Parties agree that written discovery should be propounded on or before August 16, 2021, and that responses thereto should be provided on or before September 30, 2021. Thereafter, the Parties agree that the non-expert discovery cut-off date should be February 18, 2022. The Parties do not believe that discovery should be conducted in phases.

As for limitations on discovery, Defendants request that party depositions be stayed until after September 20, 2021, which is when the Berman Criminal Matter is scheduled for trial.

(iii) The Parties are presently unaware of any particular issues concerning discovery production or the preservation of electronically stored information.

(iv)    The Parties are presently unaware of any issues about claims of privilege or protection of trial-preparation materials.

(v)     Other than those issues raised by Defendants as concerns the invocation of the Fifth Amendment and Berman's corresponding rights under California law and the parallel Berman Criminal Matter, the Parties do not suggest any changes should be made in the limitations on discovery imposed under the rules.

(vi)    The Parties believe that the Court should consider entry of a Stipulated Protective Order.

k.      Discovery Cut-off:  The parties propose a fact discovery cut-off date of February 18, 2022.

l.      Expert Discovery:  The parties propose that: (1) affirmative expert witness disclosures/reports be made on or before March 4, 2022; (2) rebuttal expert witness disclosures/reports be made on or before March 18, 2022; and (3) that the expert discovery cut-off under Rule 26(a)(2) shall occur on April 1, 2022.

m.      Dispositive Motions:  In light of the documentary nature of its claims, which include the various agreements at issue and confirmatory e-mails exchanged thereafter, Plaintiffs believes that their claims, as set forth in its Complaint, will be ripe for summary judgment.

n.      Settlement/Alternative Dispute Resolution (ADR):  To date, the parties have not had any settlement discussions or written communications concerning settlement.  The parties have received a Notice to Parties of Court-Directed ADR Program (Form ADR-08).  The parties are in agreement to conduct a settlement conference either through use of the Attorney Settlement Officer Panel or with the assigned Magistrate Judge, to the extent approved by the Court.

o. <u>Trial Estimate</u>:  The Parties believe that four (4) days shall be required for trial and that the trial will be by jury. Plaintiffs presently expect to call five (5) witnesses.  Defendants presently expect to call approximately four (4) witnesses.

p. <u>Trial Counsel</u>:   On behalf of Plaintiffs, Kevin Roddy, Esq. and/or Robert L. Selvers (who shall be applying for admission *pro hac vice*) may serve as trial counsel.  On behalf of Defendants, J.L. Handzlik, Esq. and/or Ronald S. Herzog, Esq. (who shall be applying for admission *pro hac vice*) may serve as trial counsel.

q. <u>Independent Expert or Master</u>: The Parties do not believe that the Court need consider appointing a master pursuant to Rule 53.

r. <u>Timetable</u>**:**  The parties have completed the Schedule of Pretrial and Trial Dates form attached as Exhibit A to this Joint Rule 26(f) Report.

s. <u>Other issues</u>:   As set forth above, defendant Berman is subject to the Berman Criminal Matter, which is presently scheduled for trial on September 20, 2021.  Accordingly, Defendants request that all party deposition be stayed until completion of the trial.  To this end, Defendants have advised that the DOJ has previously sought and obtained a stay of the Berman SEC Matter.